838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore RAYNOVICH, Plaintiff-Appellant,
v.
STATE OF MARYLAND DEPARTMENT OF NATURAL RESOURCES, Donald E.
Maclaucklan, Director of Department of Natural Resources,
Michael R. Gregory, Manager, Deep Creek Lake Natural
Resources Management Area, Glendock, Inc., A Maryland
Corporation, Defendants-Appellees.
 No. 87-3054.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1987.
Decided Jan. 28, 1988.
 
 Before WIDENER, JAMES DICKSON PHILLIPS, and CHAPMAN, Circuit Judges.
 (Theodore Raynovich, appellant pro se.
 J. Joseph Curran, Jr., Attorney General, Thomas Andrew Deming, Elizabeth Maumenee, Assistant Attorneys General for Appellees Maclaucklan, Gregory, and State of Maryland Department of Natural Resources. Thomas B. Dabney, Jr., for appellee Glendock.
 PER CURIAM:
 
 
 1
 Theodore Raynovich filed suit alleging that the Maryland Department of Natural Resources, Glendock, Inc., and others have impaired Raynovich's alleged property interest in the shoreline footage adjacent to his land on Deep Creek Lake. When Raynovich failed to respond to a letter from the district court, the district court directed the district court clerk to enter a judgment dismissing the cause for lack of prosecution. The clerk entered the notation directing dismissal, but failed to enter a separate document of dismissal as required by Fed.R.Civ.P. 58.
 
 
 2
 Raynovich then filed several motions evincing a desire to re-open his case and amend his complaint and a notice of appeal intended to have effect only if the district court denied two of those motions. The district court allowed Raynovich to continue with his case and suggested to him that his contingency appeal was now premature; Raynovich rejected this suggestion and has pursued this appeal. We now dismiss the appeal as interlocutory.
 
 
 3
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The record before us indicates that final judgment has not been entered. This case may not be appealed under the exceptions of 28 U.S.C. Sec. 1292(b). Nor does the appeal fit under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 4
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively, and dismiss the appeal for lack of jurisdiction.
 
 
 5
 DISMISSED.